UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NYQUAN MANNING,

                                                                    Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER AMUSO, tax # 932251, SERGEANT
MICHAEL LORIA, tax # 913975,

                                                                   Defendants.

**FIRST AMENDED COMPLAINT**

CV 11 4782 (RRM) (VVP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and two New York City Police Officers employed in PSA 9 alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him for trespass on April 29, 2011, denying him a fair trial and maliciously prosecuting him. The criminal case that defendants filed against plaintiff was ultimately dismissed by the prosecution on September 29, 2011. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims false arrest, assault, battery,

malicious prosecution and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

   4.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

   5.  Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

   6.  With respect to plaintiff's state law claims against the City, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

   7.  Plaintiff is a resident of Queens who does not have a criminal record.

   8.  The City of New York is a municipal corporation organized under the laws of the State of New York

   9.  The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

**STATEMENT OF FACTS**

10. On April 29, 2011, at approximately 9:00 p.m., plaintiff was falsely arrested for trespass by Officer Amuso Sergeant Loria of PSA 9 at 4-10 27th Avenue in Queens, a New York City Housing Authority property, while plaintiff was visiting his friend Juanita McKenzie who resides in the building in apartment no. 2D, and his aunt and cousin who live in apartments nos. 5G and 5H.

11. At all relevant times, plaintiff was in compliance with the law and did not commit any crimes or violations.

12. The officers searched plaintiff, found nothing illegal on him and took him to the 114th Precinct.

13. In the precinct, Officer Amuso, with the approval and knowledge of Sergeant Loria, falsely charged plaintiff with trespass.

14. The aforesaid allegations were all false and were asserted so that defendants could earn overtime compensation and enhance their arrest records.

15. Defendants released plaintiff with a Desk Appearance Ticket at approximately 12:00 p.m.

16. Subsequent to plaintiff's arrest, Officer Amuso, with the approval and knowledge of Sergeant Loria, misrepresented to the Queens District Attorney's Office that plaintiff had trespassed.

17. Plaintiff went to court on May 19, May 23, July 15, September 19 and September 29, when the prosecution dismissed the criminal case.

18. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, emotional distress, fear, anxiety and humiliation.

## FIRST CLAIM

### (FALSE ARREST)

19. Plaintiff repeats the foregoing allegations.

20. At all relevant times, plaintiff did not commit a crime or violation.

21. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

22. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (DENIAL OF A FAIR TRIAL)

23. Plaintiff repeats the foregoing allegations.

24. Defendants misrepresented to the Queens County District Attorney's Office that plaintiff had violated the law.

25. Defendants' misrepresentations deprived plaintiff of liberty in that he was required to appear in court after his arraignment.

26. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for denying plaintiff a fair trial.

## THIRD CLAIM

### (MALICIOUS PROSECUTION)

27. Plaintiff repeats the foregoing allegations.

28. Defendants maliciously misrepresented to the Queens County District Attorney's Office that plaintiff had violated the law.

29. Defendants' motivation was not to serve justice but to obtain overtime compensation and enhance their arrest records.

30. Defendants' misrepresentations deprived plaintiff of liberty in that he was required to appear in court after his arraignment.

31. The criminal case filed against plaintiff was ultimately dismissed.

32. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

33. Plaintiff repeats the foregoing allegations.

34. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

35. Accordingly, each defendant is liable to plaintiff under the Constitution for not intervening to prevent the violation of plaintiff's rights.

## FIFTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

36. Plaintiff repeats the foregoing allegations.

37. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

38. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

39. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

40. Several members of the NYPD have been arrested and convicted of crimes for making false allegations and for corruption.

41. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

42. In 2011, former NYPD Officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

43. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

44. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

45. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

46. Plaintiff repeats the foregoing allegations.

47. At all relevant times, plaintiff did not commit a crime or violation.

48. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

49. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

### SEVENTH CLAIM

### (ASSAULT)

50. Plaintiff repeats the foregoing allegations.

51. Defendants' searches and handcuffing of plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

52. Accordingly, the individual defendants are liable to plaintiff under New York state law for assault.

### EIGHTH CLAIM

### (BATTERY)

53. Plaintiff repeats the foregoing allegations.

54. Defendants' searches and handcuffing of plaintiff were offensive and nonconsensual physical contacts which injured him.

55. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

### NINTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

56. Plaintiff repeats the foregoing allegations.

57. Defendants maliciously misrepresented to the Kings County District Attorney's Office that plaintiff had violated the law.

58. Defendants' motivation was not to serve justice but to obtain overtime compensation and enhance their arrest record.

59. The criminal case filed against plaintiff was ultimately dismissed.

60. Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## **TENTH CLAIM**

### **(VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)**

61. Plaintiff repeats the foregoing allegations.

62. The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted, battered and maliciously prosecuted plaintiff.

63. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for the aforesaid torts.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: February 9, 2012

/S/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391